IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DERRICK MCCANN,

                Plaintiff,

v.

GWEN M. DOYLE,

                Defendant.

OPINION & ORDER

15-cv-104-jdp

---

    Plaintiff Derrick McCann, a Madison resident, has filed this proposed civil action in which he states that defendant Gwen Doyle, a "family case manager" involved in a Milwaukee County child protective services case, discriminated against him based on his race. The court has already concluded that plaintiff may proceed *in forma pauperis* in this case without prepayment of any portion of the $350 filing fee.

    The next step is for the court to screen plaintiff's complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for monetary damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915. In screening any pro se litigant's complaint, I must read the allegations of the complaint generously, *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam), and accept plaintiff's allegations as true, *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010).

    After reviewing plaintiff's complaint with these principles in mind, I conclude that it must be dismissed for failure to satisfy the pleading standards of Federal Rule of Civil Procedure 8. I will give plaintiff an opportunity to correct these problems.

ALLEGATIONS OF FACT

I draw the following facts from plaintiff's complaint and the other recent cases he has filed in this court. Plaintiff Derrick McCann is a Madison resident who is the father of two children (now aged 12 and 14) with Chelsea Lloyd. Plaintiff, who is black, does not live with Lloyd, who is white.

Plaintiff was involved in a paternity case regarding the children in the circuit court for Dane County (case no. 04PA590), but eventually his children were the subject of a separate Milwaukee County protective services case (case no. 13JC2603). The record of this case is not available on the state's online circuit court database. I take plaintiff to be saying that defendant Gwen Doyle, who worked as a "family case manager," operated as something akin to a social worker in the Milwaukee County case. Plaintiff says that Doyle "stereotyped . . . and judged [him and] failed to protect [his] children." Dkt. 1, at 2. Doyle was aware that his children were not safe in the care of Lloyd and Lloyd's mother, yet still "gave [them] her trust." *Id*.

Despite plaintiff having completed a court-ordered fatherhood program, defendant worked to keep the children out of plaintiff's custody, even after Lloyd lost custody of them. Plaintiff did not receive any visitation or placement rights. The children ultimately suffered abuse while out of plaintiff's custody.

ANALYSIS

As with plaintiff's other pending lawsuit about the custody, placement, and welfare of his children, *McCann v. Family Court Counseling Service*, 15-cv-093-jdp (W.D. Wis.), I take plaintiff to be attempting to bring claims for damages against defendant under 42 U.S.C.

2

§ 1983, for depriving him of his constitutional rights to due process and equal protection while she acted under color of state law. But as with the '093 case, plaintiff fails to adequately explain what defendant did to violate his rights. Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is." *Vicom, Inc. v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771, 775 (7th Cir. 1994).

Similar to the '093 case, plaintiff's allegations against defendant Doyle are mostly vague and conclusory. Plaintiff says that defendant sided with Lloyd in the Milwaukee County protective services case and failed to protect his children. But he does not explain precisely what he means by this, by saying what defendant did to side with Lloyd, or how her actions placed the children in danger. If all of Doyle's actions were performed in a role as a social worker within the context of an ongoing child protective services case, it is doubtful that plaintiff will be able to bring any claims against her. *See Millspaugh v. County Dept. of Public Welfare of Wabash County*, 937 F.2d 1172, 1176 (7th Cir. 1991) ("social workers and like public officials are entitled to absolute immunity in child custody cases on account of testimony and other steps taken to present the case for decision by the court").

But without knowing exactly what plaintiff is saying defendant did to violate his rights, I will not immediately dismiss the case. Instead, I will dismiss his complaint for violating Rule 8, and give him a chance to file an amended complaint setting out his claims against defendant in short and plain statements. He should draft his amended complaint as if he were telling a story to people who know nothing about his situation or the Milwaukee County litigation. Plaintiff should explain the specific actions defendant took that he believes

violated his rights. If plaintiff does not submit an amended complaint by the deadline set forth below, I will dismiss the case for plaintiff's failure to state a claim upon which relief may be granted.

ORDER

IT IS ORDERED that:

1. Plaintiff Derrick McCann's complaint is DISMISSED for failure to comply with Federal Rule of Civil Procedure 8.

2. Plaintiff may have until June 1, 2016, to submit a proposed amended complaint more clearly detailing his claims as discussed above. If plaintiff submits a proposed amended complaint as required by this order, I will take that complaint under advisement for screening. If plaintiff fails to respond to this order by the deadline, I will dismiss this case for plaintiff's failure to state a claim upon which relief may be granted.

Entered May 11, 2016.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge